UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KAYODE YAYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00205 |
| | § | |
| DRISCOLL CHILDREN'S HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

In September 2024, Plaintiff Kayode Yaya, proceeding *pro se* and *in forma pauperis*, filed this employment discrimination and retaliation suit against Defendant Driscoll Children's Hospital ("Driscoll"). (D.E. 1). Currently pending is Driscoll's motion to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process, to which Yaya has responded. (D.E. 14, 15, 19, 20). For the reasons discussed further below, it is recommended that Driscoll's motion (D.E. 14) be **DENIED**, Yaya's previous service attempt be quashed, and Yaya be given 30 additional days to complete service in accordance with Rule 4. It is further recommended that Yaya's motion to file an amended complaint be **GRANTED**.

### I.  BACKGROUND

On September 10, 2024, the undersigned issued an order noting that, although Yaya had attached a copy of a summons to his complaint, he did not include Driscoll's address. (D.E. 7 at 1). Accordingly, the undersigned ordered Yaya to submit an updated version of

the summons that identified an address for Driscoll, further noting that it was Yaya's responsibility to provide the "appropriate address and agent for service." (*Id.* at 2).

On September 16, 2024, Yaya submitted an updated summons identifying the address as: "Driscoll Children's Hospital d/b/a Driscoll Health System and the Driscoll Health Plan, 3533 South Alameda Street, Corpus Christi, TX 78411." (D.E. 9 at 1). On September 17, 2024, pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the undersigned ordered that the Clerk of Court issue summons and the United States Marshals serve the summons and a copy of the complaint on Driscoll at the address provided by Yaya. (D.E. 10). A certified mail return receipt indicated that the summons was delivered on September 20, 2024, at the specified address and received by Nora Martinez. (D.E. 13 at 3).

Following Driscoll's motion to dismiss, Yaya requested issuance of two additional summons, now seeking to serve Driscoll through Courtney Garrett, a human resources employee at Driscoll, and Amber K. Dodds, Driscoll's attorney in this case. (D.E. 16; D.E. 16-1; D.E. 19 at 6-7).

Following Driscoll's reply, which argued that these updated summonses were also defective, Yaya requested issuance of three new summons, now naming the President and CEO of Driscoll Health System, the Human Resources Vice President of Driscoll Health System, and the CEO of Driscoll Health Plan. (D.E. 20-1; D.E. 20-2; D.E. 20-3). Each summons includes the same Corpus Christi address as Yaya's original summons. (*Id.*).

2

## II. DISCUSSION

In the motion to dismiss, Driscoll argues that the complaint should be dismissed for lack of personal jurisdiction because Yaya cannot demonstrate proper service under Rule 4 of the Federal Rules of Civil Procedure. (D.E. 14 at 3). Specifically, Driscoll argues that Rule 4 provides that a corporation must be served through an officer, a managing or general agent, or any other authorized agent, or as prescribed by state law. Driscoll states that the applicable state law provides that a corporation may be served through its president, vice president, or registered agent. (*Id.*). Driscoll asserts that, instead of following either of these rules, Yaya attempted service by sending a copy of the summons through certified mail to the street address of one of Driscoll's locations, where it was received by a mailroom clerk. (*Id.* at 4). Driscoll argues that Yaya's attempted service was defective because it was not directed or delivered to an authorized agent of the company. (*Id.*).

Yaya responds that he attempted to obtain information about Driscoll's registered agent by emailing Driscoll's attorney, but the attorney never responded. (D.E. 15 at 2). He argues that he made a good faith effort to serve Driscoll by sending the summons to Driscoll's public address. (*Id.* at 2-3). Yaya also seeks leave to file an amended complaint and attached a copy of his amended complaint. (*Id.* at 3-4; D.E. 15-2).

Driscoll first replies that Yaya's *pro se* status does not excuse him from failing to properly effect service or failing to follow the rules of civil procedure. (D.E. 19 at 1-2). Second, Driscoll argues that actual notice is insufficient to cure defectively executed service. (*Id.* at 2-3). Third, Driscoll contends that a good-faith effort to effect service is

3

not sufficient under Rule 4. (*Id.* at 3-4). Fourth, Driscoll argues that mailing a summons to a corporate address is also not sufficient. (*Id.* at 4-6). Finally, Driscoll asserts that a new request for summons that Yaya filed following the motion to dismiss is also defective because it is not directed to an officer, managing or general agent, president, vice president, or registered agent of Driscoll. (*Id.* at 6-7).

In a sur-reply, Yaya reiterates his previous arguments. (D.E. 20 at 1-2). Further, he requests leave to file an amended complaint. (*Id.*). He attached a copy of his proposed amended complaint. (D.E. 20-4). The undersigned construes this as a motion for leave to file an amended complaint.

If a defendant raises a challenge to the sufficiency of process under Fed. R. Civ. P. 12(b)(5), the plaintiff carries the burden to show that service was proper. *Hennington v. United Parcel Serv., Inc.*, No. 4:18-CV-00520, 2018 WL 6267768, at *1 (S.D. Tex. Nov. 30, 2018). A court does not have personal jurisdiction over a defendant without proper service. *Id.* A litigant's *pro se* status does not excuse his failure to effect service or otherwise follow the rules of civil procedure. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). "A district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *Id.* (internal quotation marks omitted). A "court can, in its discretion, quash defective service and grant the plaintiff more time to serve the defendant properly." *Geno v. Wolf Steel U.S.A. Inc.*, No. 3:23-CV-298, 2024 WL 5185413, at *1 (S.D. Tex. Mar. 4, 2024). "Absent evidence of prejudice, 'the simplest solution ... is to quash process and allow the plaintiff another opportunity to serve the

4

defendant.'" *Id.* (citing 5B Wright & Miller, *Federal Practice & Procedure*, § 1354 (3d ed. 2022)).

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). A corporation in a judicial district of the United States must be served: (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual;" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Texas law, service may be completed through certified mail, but only if directed to an authorized agent. *See* Tex. R. Civ. P. 106, 107; *Hennington*, 2018 WL 6267768 at *2. "Texas law allows service to be made on a domestic corporation through its president, vice president(s), or a registered agent." *Hennington*, 2018 WL 6267768 at *2.

"Because without proper service the court lacks personal jurisdiction over the defendant, strict compliance with the requirements in Rule 4 is mandatory." *Burditt v. U.S. Steel Corp.*, No. CIV.A. H-13-0532, 2014 WL 713212, at *1 (S.D. Tex. Feb. 21, 2014). "Actual notice does not cure a defectively executed service." *Id.*; *see also McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) ("Actual notice of the litigation

5

does not satisfy the requirement of proper service of a summons under Rule 4"); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."). "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Under Texas law, "when a corporation is served by registered or certified mail as authorized by Rule 106, the record must show that citation was delivered to the defendant through an agent authorized to receive service of process for the corporation in order to establish that the corporation was served." *Master Cap. Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App. 2015). Under federal law, "the use of certified mail is not sufficient to constitute 'delivering' as required by Federal Rule of Civil Procedure 4." *Rojas v. Carrington Mortg. Servs., LLC*, No. 7:20-CV-00409, 2021 WL 1092303, at *2 (S.D. Tex. Mar. 22, 2021) (internal quotation marks omitted). Moreover, "[s]ervice to an address's mailbox or front desk does not constitute service on the proper party or agent." *Id.*

Here, Yaya has not demonstrated proper service under Rule 4 because he has not shown that a copy of the summons and complaint were delivered to an officer, a managing or general agent, or any other authorized agent under Rule 4(h)(1), nor has he shown that they were delivered to Driscoll's president, a vice president, or a registered agent under Texas Rules 106 and 107. Fed. R. Civ. P. (h)(1); *Hennington*, 2018 WL 6267768 at *2.

Instead, the summons was merely addressed to "Driscoll Children's Hospital," and the certified mail return indicates that it was delivered to "Nora Martinez." (D.E. 13 at 1, 3). Driscoll has provided evidence that Martinez is a mailroom clerk and not an officer, managing or general agent, president, vice president, or registered agent of Driscoll. (D.E. 14-1 at 1). As noted in the undersigned's prior order, although the Court will order service of the summons and a copy of the complaint pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), it remains Yaya's responsibility to identify the proper address and recipient. Further, contrary to Yaya's arguments, actual notice is not sufficient to show proper service, nor do his *pro se* status or good faith efforts to serve Driscoll supplant his need to properly serve Driscoll under the requirements of Rule 4. *Burditt*, 2014 WL 713212 at *1; *Thrasher*, 709 F.3d at 512. Absent proper service under Rule 4, this Court lacks personal jurisdiction over Driscoll. *Burditt*, 2014 WL 713212 at *1.

However, Driscoll has not shown prejudice arising from Yaya's failure to properly effect service, and there is no indication that Yaya has acted in bad faith or will be unable to remedy the defects in service. *See Geno*, 2024 WL 5185413 at *1. Accordingly, it is recommended that the Court quash the previous service attempt and give Yaya an additional 30 days to complete service on Driscoll in accordance with Rule 4. Further, although Yaya has submitted five additional requests for issuance of summons during the pendency of Driscoll's motion to dismiss, it is recommended that these requests be stricken and Yaya re-submit any request(s) for issuance of summons in accordance with the findings in the Court's order on Driscoll's motion.

7

As to Yaya's motion for leave to file an amended complaint, a party may amend its pleading once as a matter of course no later than 21 days after serving it. Fed. R. Civ. P 15(a)(1). Because Yaya has not properly served his pleading yet, it is recommended that, should the Court deny Driscoll's motion to dismiss, Yaya's motion for leave be granted and that any future service include his amended complaint.

### III.  RECOMMENDATION

Accordingly, it is recommended that Driscoll's motion (D.E. 14) be **DENIED**, Yaya's previous service attempt be quashed, and Yaya be given 30 additional days to complete service in accordance with Rule 4. It is further recommended that Yaya's motion to file an amended complaint be **GRANTED**.

Respectfully submitted on January 8, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).