United States District Court
Southern District of Texas
**ENTERED**
September 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KAYODE YAYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00205 |
| | § | |
| DRISCOLL CHILDREN'S HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendant Driscoll Children's Hospital's (Driscoll's) motion to dismiss for failure to state a claim (D.E. 31) and motion for summary judgment (D.E. 34), along with Plaintiff Kayode Yaya's (Yaya's) motion for summary judgment (D.E. 46, 47). On August 29, 2025, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 52), recommending that Driscoll's motion for summary judgment (D.E. 34): (1) be granted in part to enforce the parties' settlement and that the Court dismiss the claims in this action; and (2) be denied in part on the request for attorney's fees. The M&R also recommends that Driscoll's motion to dismiss (D.E. 31) and Yaya's motion for summary judgment (D.E. 46, 47) be denied as moot.

Yaya timely filed his objections (D.E. 54, 56) on September 1, 2025. He states three objections, to which Driscoll responded. D.E. 59. Yaya replied and appended a motion to unseal Driscoll's motion for summary judgment in the interests of transparency and

1 / 9

fairness. D.E. 60. For the reasons set out below, the objections are **OVERRULED** and the motion to unseal is **DENIED**.

### A. Settlement Agreement Not Reduced to Writing

First, Yaya objects to the finding that there was an enforceable contract to settle his complaints where there was a disputed issue of material fact concerning the meeting of the minds. D.E. 56, p. 2. As Driscoll points out, Yaya's "agreement to agree" argument was not first presented to the Magistrate Judge and may be overruled on that basis. D.E. 59, p. 4. Likewise, his argument in his reply that Driscoll seeks to impose a double standard with respect to the enforceability of agreements by email involves facts and issues not previously presented to the Magistrate Judge and not timely raised in his objections. D.E. 60, pp. 2-3. These arguments are not properly before the Court.

Yaya does not dispute any of the material terms of the settlement agreement as found by the Magistrate Judge. Instead, his claim is that the email exchange contemplated reducing the agreement to a formal written contract, which he argues constitutes a condition precedent that never occurred. *Id*. at 2-3. He does not identify anything in the proposed written agreement that does not comport with the settlement terms he had previously consented to. His objection is purely that the agreement was not enforceable until written and signed.

While the agreement was reduced to writing and forwarded to his counsel on September 5, 2024, Yaya did not sign it. He claims to have repudiated the proposed settlement by emailing Driscoll's counsel on September 11, 2024, seeking their acceptance

of service for the delivery of a legal complaint he had drafted to initiate litigation. *Id*. at 4. Again, he does not claim that the terms of the written agreement varied from the terms to which he had previously agreed through counsel.

Yaya relies on *In re Dillard Dep't Stores, Inc*., 186 S.W.3d 514, 516 (Tex. 2006) (per curiam), quoting the case as stating, "[w]hen parties have agreed that a contract will not be binding until reduced to writing and signed by both parties, they are not bound until that condition has been satisfied." However, neither that quote nor that legal principle appears in that case. The *Dillard* court simply issued a writ of mandamus to enforce an arbitration agreement as written, compelling the parties to submit the employee's complaints to arbitration.

Even if his suggested general proposition of law were true, Yaya has failed to show that he and Driscoll had reached an agreement that their settlement would not be binding until written and signed. "A condition precedent is either an act of a party that must be performed or a certain event that must happen before a contractual right accrues or a contractual duty arises." *In re Deepwater Horizon*, 786 F.3d 344, 361 (5th Cir. 2015). There is no evidence in the record that such a condition precedent was a part of the negotiations or resolution of the claims. It is not a material term of the settlement, all of which were amply discussed in the M&R and have not been effectively challenged in these objections. Yaya's protestations to the contrary (D.E. 60, p. 3) are without foundation in the facts or in applicable law. There is no evidence that the parties agreed they would not be bound until the settlement was reduced to writing.

3 / 9

This is not a situation where the parties agreed to enter into a future contract, as Yaya argues. D.E. 56, p. 3 (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)). The *Stanley Boot* case involved an agreement to loan money in the future. While the amount of the loan was set out, essential terms such as the interest rate and repayment terms were not. Because the essential terms of the loan had not been determined, there was no enforceable contract for the future loan. Here, there are no additional terms to be worked out. The parties made an agreement through multiple written emails and merely sought to memorialize that agreement into one integrated written agreement.

If a party who has previously authorized a settlement changes his mind when presented with the written settlement documents, that party remains bound by the terms of the agreement. *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) (applying federal law to settlement of a Title VII claim). The terms of the agreement that Driscoll seeks to enforce are the terms arrived at and fully evidenced through email communications. They do not depend on any term added or modified by the written agreement. Yaya's "buyer's remorse" is insufficient to invalidate the agreement he had already consented to. *Deepwater Horizon*, 786 F.3d at 360 (holding that when all of the material terms have been negotiated, the agreement does not fail for lack of mutuality simply because the written document memorializing the agreement is not signed). The first objection is **OVERRULED**.

## B.  Authority of Attorney to Communicate Consent

Second, Yaya objects that the M&R improperly resolves a disputed issue of material fact: whether his attorney was his authorized agent to convey his assent to the settlement. D.E. 56, p. 5. In support of this argument, he presents email threads that show that he had terminated his counsel, then re-hired her to consent to the settlement, then re-terminated her after she communicated his consent to Driscoll's attorney. D.E. 56-2. Additional emails are well after the date that the settlement was reached and merely convey Yaya's subsequent termination of his attorney and desire not to be bound by the written memorialization of the settlement, reciting nonspecific dissatisfaction with it. D.E. 56-1.

**The Instruction**. By his own account, Yaya's counsel asked him whether he wanted to accept Driscoll's offer. He responded "yes." D.E. 60, p. 4. He now seeks to characterize his assent as an instruction to negotiate further, not to actually accept the offer. *Id*. This argument is meritless. To the extent that he contends that the exchange proved that there was no final draft of the integrated written agreement, it is equally probative of the fact that there was no discussion about making the settlement contingent on a final written agreement.

**Alleged Repudiation**. Yaya's argument and evidence all assume, without recitation of fact or law, that he could undo the settlement after the agreement was reached by firing his counsel and telling Driscoll that he was now representing himself. While the Court accepts that Yaya's communications with Driscoll's counsel on September 11, 2024, ended the authority of his prior counsel to represent him from that day forward, that authority was

not ended retroactively to the time that the settlement was agreed to. And the fact that the written memorialization of the agreement had not been completed is not determinative of the existence of the settlement, as set out above.

**Erroneous Burden-Shifting**. Yaya contends that the M&R errs in presuming that his counsel had authority to represent him and consent to the settlement. D.E. 56, p. 6. He argues that applying this presumption is a misapplication of the summary judgment burden of proof and a weighing of the credibility of the evidence. *Id.*, pp. 6-7. At the same time, he admits that he did not submit to the Court proof of any lack of authority given to his attorney to agree at the time the settlement was reached. He argues that the burden to supply controverting evidence never shifted to him as nonmovant. *Id.*

The initial burden is on the summary judgment movant to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This initial burden can be satisfied by the application of an established evidentiary presumption. *United States v. Chung's Products LP*, 941 F. Supp. 2d 770, 795 (S.D. Tex. 2013) (applying presumption of regularity to government agency tests in support of summary judgment movant).[1]

---

[1] *See also*, *Ramsey v. Howell*, No. CIV.A. 3:96-CV-3358G, 1999 WL 134206, at *4 (N.D. Tex. Mar. 8, 1999) (summary judgment movant prevailed by application of the presumption of validity after showing the warrant was issued by a magistrate judge); *In re Zeman*, 347 B.R. 28, 32 (Bankr. W.D. Tex. 2006) (if the summary judgment movant establishes the facts on which a legal presumption exists, then it is entitled to the presumption and the burden shifts to the nonmovant); *Cunningham v. U.S. C.I.R.*, 165 B.R. 599, 607 (N.D. Tex. 1993) (presumption that official activities have been conducted properly is sufficient summary judgment proof once agency demonstrates that the activities were normal official procedures).

The M&R detailed how the presumption worked in this case.  The presumption of an attorney's authority to consent to settlement on behalf of the client arises on proof that the attorney was the attorney of record, representing the client. D.E. 52, pp. 10-11. This is not a matter of the weighing of evidence or an improper construction of the evidence in favor of the movant. It is a legal presumption that must be rebutted with evidence.

Yaya did not then, and does not now, tender evidence that his attorney had been fired at the time she accepted the settlement on his behalf. Neither does he tender evidence that he instructed his attorney to refuse the settlement. Instead, the evidence he has now submitted to the Court clearly shows that his attorney—duly retained for this purpose at the time and pursuant to Yaya's instructions—properly conveyed his acceptance. D.E. 56-2. The second objection is **OVERRULED**.

### C. Construction of Evidence

Third, Yaya objects that the Magistrate Judge did not credit his evidence that his capitulation to what he describes as a grossly inadequate settlement offer on the eve of his litigation filing deadline was a product of economic duress. D.E. 56, p. 7. As the Magistrate Judge observed, Yaya did not submit evidence, but offered merely allegations and conclusions, which do not suffice. D.E. 52, p. 11. Moreover, there was no evidence to overcome the showing that his attorney was duly authorized to accept the settlement on his behalf. *Id*.

Whether Yaya's remaining option—filing the complaint he had already drafted— was insufficient for any reason in his estimation is not a matter that rises to the level of

defeating the actual evidence of his acceptance of the settlement. *See Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. 1980) (the affirmative defense of economic duress requires showing (1) the opposing party's threat of unlawful action, (2) a fraud or deception, (3) sufficient to destroy the victim's free agency).

And his argument that he endured years of discrimination that wore him down requires the Court to accept the truth of his underlying complaint without evidence. There is nothing in the record to support Yaya's assertion that he did not voluntarily agree to the settlement at the time he instructed his counsel to accept it. Yaya's third objection is **OVERRULED**.

### D. Motion to Unseal

The filing of Yaya's motion to unseal Driscoll's motion for summary judgment (D.E. 60, p. 5) is improper and untimely. The motion to unseal is appended to Yaya's reply in support of his objections to the M&R—what is ordinarily the final opportunity to brief an issue that is before the Court. Thus, it raises a new and independent issue after completion of briefing on the case and is combined with that briefing. It is not filed in such a way as to provide proper notice and opportunity to respond to Driscoll.

Additionally, unsealing the motion for summary judgment serves no legitimate purpose here. The motion was sealed to protect confidential settlement negotiations. Plaintiff claims that he has filed the same or similar evidence with his briefing. Therefore, any purpose of transparency has been accomplished without necessity of unsealing the

motion after the proceedings are concluded and without proper notice to Driscoll. The motion is **DENIED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Yaya's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Yaya's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

- Driscoll's motion for summary judgment (D.E. 34) is **GRANTED IN PART** and the Court enforces the parties' settlement agreement, **DISMISSING** all claims brought in this action. The motion (D.E. 34) is **DENIED IN PART** with respect to its request for an award of attorney's fees.

- Driscoll's motion to dismiss (D.E. 31) is **DENIED** as moot.

- Yaya's motion for summary judgment (D.E. 46) is **DENIED** as moot.

In addition, Yaya's motion to unseal Defendant's motion for summary judgment (D.E. 60, p. 5) is **DENIED**. As there are no remaining claims, this action is **DISMISSED WITH PREJUDICE**.

ORDERED on September 15, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

9 / 9